**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN WINSTON BAILEY & DAVID PAITSEL,<br><br>Defendants. | Criminal Action No. 19-156 (CKK) |

**MEMORANDUM OPINION & ORDER**
(August 20, 2021)

For the reasons set forth herein, the Court will **ORDER** that during the selection of regular jurors, Mr. Brian Bailey and Mr. David Paitsel may exercise one peremptory challenge each and ten peremptory challenges jointly, for a total of twelve peremptory challenges, while the government may exercise six peremptory challenges. The Court will also **ORDER** that the government and the defense shall each have one additional peremptory challenge to use during the selection of alternate jurors in this case.

## I.   BACKGROUND

On May 14, 2019, a grand jury returned a five-count indictment against Mr. Brian Bailey and Mr. David Paitsel. Count I charges Mr. Bailey with a criminal conspiracy, in violation of 18 U.S.C. § 371. Count II charges Mr. Bailey with bribery, in violation of 18 U.S.C. § 201(b)(1)(C). Count III charges Mr. Bailey and Mr. Paitsel together with a criminal conspiracy, in violation of 18 U.S.C. § 371. Count IV charges Mr. Bailey with bribery, in violation of 18 U.S.C. § 201(b)(1)(C). And Count V charges Mr. Paitsel with bribery, in violation of 18 U.S.C. § 201(b)(2)(C). Mr. Bailey and Mr. Paitsel are scheduled to begin a co-defendant trial on these charges on September 7, 2021.

On August 16, 2021, the Court held a status hearing with Mr. Bailey, Mr. Paitsel, and their respective counsel to discuss pretrial procedures.  During that hearing, the Court addressed the topic of peremptory challenges.  Defense counsel for Mr. Bailey requested that the Court grant *each co-defendant* a total of *ten* peremptory challenges during the selection of regular jurors.  Following the status hearing, the Court took this request under advisement.  The Court now addresses the question of peremptory challenges in this Memorandum Opinion & Order.

## II.    DISCUSSION

"[T]he obligation to impanel an impartial jury lies in the first instance with the trial judge." *United States v. West*, 458 F.3d 1, 6 (D.C. Cir. 2006) (quoting *Rosales–Lopez v. United States*, 451 U.S. 182, 188 (1981)).  Consequently, "federal judges have been accorded ample discretion in determining how best to conduct the voir dire." *Id.*  One component of voir dire is the ability of the government and the defense to exercise peremptory challenges to potential jurors.  But "[w]hile 'the peremptory challenge is part of our common-law heritage,' it is 'not of federal constitutional dimension.'" *Id.* at 9 (quoting *United States v. Martinez–Salazar*, 528 U.S. 304, 311 (2000)).  Instead, in federal cases the right to a peremptory challenge is "a creature of Rule 24(b), which specifies the number of peremptories to which each side is entitled." *Id.*

Federal Rule of Criminal Procedure 24(b)(2) provides that in a non-capital, felony case, "[t]he government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges."   Additionally, Rule 24(b) states that "[t]he court *may allow* additional peremptory challenges to multiple defendants, and *may allow* the defendants to exercise those challenges separately or jointly."  Fed. R. Crim. P. 24(b) (emphasis added). This precatory language within Rule 24(b) means that "[i]n multiple defendant cases, the award of additional challenges is permissive rather than mandatory, and rests in the trial judge's sound discretion."

*United States v. Haldeman*, 559 F.2d 31, 79 (D.C. Cir. 1976).  Correspondingly, "[a] defendant may not demand, as a matter of right, additional peremptory challenges once his original allotment has been expended."  *United States v. Smith*, 891 F.2d 935, 938 (D.C. Cir. 1989); *see also United States v. Pineda Castro*, 795 F. App'x 635, 648 (11th Cir. 2019) ("[T]he district court is not required to give the defense side any extra peremptory challenges in multiple defendant trials."); *United States v. Delgado*, 350 F.3d 520, 523 n.2 (6th Cir. 2003) ("Rule 24(b)(2) affords the government six peremptory challenges and the defendant or defendants 10 peremptory challenges in felony cases.  District courts may allow additional peremptory challenges to multiple defendants, but the court did not do so in this case.").

In *United States v. Mitchell*, for example, Judge John Sirica considered the application of Rule 24(b) to a felony case involving five co-defendants. 384 F. Supp. 564, 565–66 (D.D.C. 1974). There, the co-defendants requested five peremptory challenges *each*, for a total of twenty-five peremptory challenges overall.  But in response, Judge Sirica determined that it would be more equitable to afford the defense a total of only *fifteen* peremptory challenges, so as not to disproportionately outweigh the six peremptory challenges given to the government under Rule 24(b).  Specifically, Judge Sirica provided the five co-defendants with one peremptory challenge each and ten peremptory challenges to exercise jointly.  On appeal, the D.C. Circuit upheld Judge Sirica's allocation of peremptory strikes under Rule 24(b).  The D.C. Circuit confirmed that "[i]n multiple defendant cases the award of additional challenges is permissive rather than mandatory, and rests in the trial judge's sound discretion," and found Judge Sirica's formulation to be eminently reasonable under Rule 24(b).  *Haldeman*, 559 F.2d at 79–80.

In the present case, the Court will follow Judge Sirica's application of Rule 24(b) in *Mitchell*, a formulation which bears the imprimatur of the D.C. Circuit.  Accordingly, the Court

will afford Mr. Bailey and Mr. Paitsel one peremptory challenge each, in addition to ten peremptory challenges which they shall exercise jointly.  This provides the defense with a total of twelve peremptory challenges, more than they are otherwise guaranteed by statute.  *See* Fed. R. Crim. P. 24(b)(2).  In turn, the government may exercise up to six peremptory challenges, in accordance with the plain language of Rule 24(b)(2).  Altogether, the Court finds that this allocation of peremptory challenges comports with Rule 24(b) and provides a fair and reasonable number of peremptory challenges to the defense, given the charges in their indictment.

As a final matter, the Court anticipates impaneling two alternate jurors during Mr. Bailey and Mr. Paitsel's trial.  *See* Fed. R. Crim. P. 24(c)(1).  Therefore, in accordance with Rule 24(c)(4)(A), the government and the defense shall each have one additional peremptory challenge to exercise during the selection of alternate jurors in this case.

### III.   CONCLUSION

For the reasons set forth in this Memorandum Opinion & Order, the Court hereby **ORDERS** that during the selection of regular jurors, Mr. Bailey and Mr. Paitsel may exercise one peremptory challenge each and ten peremptory challenges jointly, for a total of twelve peremptory challenges, while the government may exercise six peremptory challenges.  It is **FURTHER ORDERED** that the government shall have one additional peremptory challenge to exercise during the selection of alternate jurors in this case.  Mr. Bailey and Mr. Paitsel shall also have one additional peremptory challenge to exercise jointly during the selection of alternate jurors.

**SO ORDERED**.

**Dated**: August 20, 2021

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge